## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER ANDERSON CEPEDA ZAPATEL, )
)
)
      Petitioner, )
)
)  Civil Action No. 3:25-cv-400
     vs. )  Judge Stephanie L. Haines
)  Magistrate Judge Richard A. Lanzillo
BRIAN MCSHANE, *Field Office Acting* )
*Director of Enforcement and Removal* )
*Operations et al.,* )
)
      Respondents.

### **MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on November 7, 2025, by Walter Anderson Cepeda Zapatel ("Petitioner") (ECF No. 1). Petitioner is detained at Moshannon Valley Processing Center and claims that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful. He seeks a writ of habeas corpus requiring that he be released unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a). This matter was referred to Magistrate Judge Richard A. Lanzillo for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On March 31, 2026, Magistrate Judge Lanzillo filed a Report and Recommendation (ECF No. 11) recommending that the Petition (ECF No. 1) be conditionally granted to the extent it requests a bond hearing before an immigration judge and in all other respects the Petition be denied as moot. The Parties were advised they could file objections to the Report and Recommendation by April 14, 2026. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner filed Objections on April 1, 2026 (ECF No. 12), stating that a Section 1226(a) bond hearing was held on January 7, 2026, therefore, Judge Lanzillo's Report and Recommendation provided

1

inappropriate relief.  Respondents filed Objections (ECF No. 14) on April 13, 2026, agreeing that a bond hearing has been held and it is not appropriate for this Court to order another bond hearing. In addition, Respondents continue to disagree with this Court's firmly held position stated in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) ("[T]he Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this Memorandum Order.").

Attached to the Response (ECF No. 10) is the Bond Memorandum (ECF No. 10-2) wherein the Immigration Judge found Petitioner would not pose a danger to the community nor would Petitioner be a flight risk and ordered Petitioner's release on $5,000 bond.  However, that same day Respondents filed a Notice of Intent to Appeal Custody Redetermination (ECF No. 10-3). Respondents argued that the Immigration Judge erred in ordering Petitioner released from Department of Homeland Security, Immigration and Customs Enforcement ("ICE") custody pursuant to INA § 236(a).  In other words, Respondents appealed the Immigration Judge's decision to conduct a review of Petitioner's custody under 8 U.S.C. § 1226(a).  Thus, the bond determination was stayed and Petitioner remains detained unable to post bond.

This Court agrees with the analysis and reasoning in Magistrate Judge Lanzillo's Report and Recommendation (ECF No. 11).  That is, this Court finds Petitioner entered the United States in or around 2006 and has been present in this country since that time.  Therefore, he is not an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and was entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.), *vacated as moot*, ECF No. 22 (Dec. 17,

2025); *A.D. v. Leonard Oddo et al.*, No. CV 25-460J, 2026 WL 101476, at *1 (W.D. Pa. Jan. 14, 2026) (Haines, J).

On the same basis as the findings in *Calzado*, this Court has routinely rejected that an appeal, based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), or its progeny cases, of an Immigration Judge's decision to hold a bond hearing and grant bond, justifies continued detention pending that appeal. Upon review of the record and the Report and Recommendation (ECF No. 11) pursuant to Local Civil Rule 72.D.2, the Court accepts the analysis of Magistrate Judge Lanzillo and based on the same legal analysis finds that an appeal based on *Matter of Yajur Hurtado* of a bond hearing and granting of release on bond by an Immigration Judge does not justify a stay of the Immigration Judge's order.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 17th day of April, 2025, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is GRANTED insofar as it seeks Petitioner be released on bond from ICE detention; and

IT IS FURTHER ORDERED that the stay of the Immigration Judge's Order of release on bond shall be vacated and Respondents shall immediately release Petitioner on a $5,000.00 bond from ICE detention subject to and in accordance with the conditions of his preexisting Order of Supervision; and,

IT IS FURTHER ORDERED that Magistrate Judge Lanzillos's Report and Recommendation (ECF No. 11) is rejected insofar as it recommends a bond hearing but adopted as to all other conclusions; and,

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 12) are accepted in part and rejected in part; and,

IT IS FURTHER ORDERED that Respondents' Objections (ECF No. 14) are accepted in part and rejected in part; and,

IT IS FURTHER ORDERED that the Motion for Judgment Granting Habeas Petition (ECF No. 6) is DISMISSED as MOOT; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

4